## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM DEAN CARPENTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-08-1102-D |
| | ) | |
| OKLAHOMA COUNTY | ) | |
| DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus.  The matter has been referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).  The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] and for the following reasons, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges the legality of his confinement at the Oklahoma County Detention Center.  Petitioner has not provided the case number for the criminal proceeding made the basis of his § 2241 petition, but Oklahoma County District Court records indicate that "William **Bean** Carpenter," presumably the petitioner herein, has been charged with possession of a precursor substance with intent to manufacture a controlled

---

[1] Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied, at the Court's discretion, to habeas cases other than those brought pursuant to 28 U.S.C. § 2254.

dangerous substance and threatening to perform an act of violence.  Oklahoma County District Court Case No. CF-2008-4515.[2]  *See* Oklahoma State Courts Network, *State v. Carpenter*, Case No. CF-2008-4515, available at http://www.oscn.net (accessed February 27, 2009).  Petitioner also faces a misdemeanor charge of violation of protective order in a separate case, Case No. CM-2008-4075.

Petitioner has raised four grounds for habeas relief.  In his first and second claims, Petitioner asserts constitutional challenges to his confinement and pending criminal proceeding by arguing that he was unlawfully seized and illegally arrested in violation of the Fourth Amendment.  Specifically, he complains that he was arrested without a warrant and that the State has never been required to show probable cause justifying his continued detention. Petition, p. 1-3.  Petitioner also complains that his Sixth Amendment rights have been violated because he has not been given the opportunity to participate in the pending criminal proceeding. *Id.*, pp. 3-4.  In his final claim, Petitioner alleges that he is being denied access to a law library, legal reference materials, and a pen and paper, which interferes with his ability to challenge the conditions of his confinement and assist in presenting a defense to his pending criminal charge. *Id.*, p. 4.

I. Standard for Initial Screening

---

[2]The Oklahoma County District Court records also show that on September 23, 2008, Petitioner was also charged with the misdemeanor offense of violation of a protective order, in Case No. CM-2008-4075.  In that case a disposition docket hearing is set for March 25, 2009.  *See* Oklahoma State Courts Network, *State v. Carpenter*, Case No. CM-2008-4075, available at http://www.oscn.net (accessed February 24, 2009).

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.

II.  Discussion

A.  Abstention

Although Petitioner does not specifically request any relief (other than that the Court "follow Stare Decisis in following precedent authorities when ruling on this Petition on IT'S MERITS[,]" Petition, p. 4, the long-standing public policy of abstention generally bars federal court intervention in on-going state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  While § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner.  *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993).  The *Younger* abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems.  *Younger*, 401 U.S. at 44-45.  The *Younger* doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims.  *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).  "Once these three conditions are met, *Younger* abstention is non-discretionary

and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

An exception to this mandatory rule of abstention, exists only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *accord Younger*, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); *see also Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989) (noting that abstention under *Younger* is mandatory if the cited three conditions are met, absent extraordinary circumstances). According to *Younger*, the irreparable injury necessary to overcome the presumption of abstention must be "both great and immediate." *Younger*, 401 U.S. at 45 (quotation omitted). Further, although *Younger* involved an injunctive proceeding, *Younger* abstention principles are applicable to a habeas action seeking to stop a state criminal proceeding. *See Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Because a dismissal based upon *Younger* abstention is jurisdictional, *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004), such dismissal should be made without prejudice. *Wideman v. Colorado*, Nos. 07-1152, 07-1154, 242 Fed. Appx. 611, 615 (10th Cir. Oct. 1, 2007) (unpublished),[3] *cert. denied*, *Wideman v. Colo. Family Enforcement Servs.*, 128

---

[3] This unpublished disposition and any others cited herein are cited pursuant to Tenth Circuit Rule 32.1.

S. Ct. 1740 (2008).

Here, all three conditions for *Younger* abstention are met.  First, there are ongoing state criminal proceedings in the District Court of Oklahoma County in Case No. CF-2008-4515; indeed, the docket sheet for this action indicates that a determination of competency is currently underway and that the preliminary hearing conference is scheduled for March 18, 2009.  Furthermore, there is no question that the prosecution of those accused of violating state law implicates an important state interest.  *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . .") (quotation and citation omitted).  Finally, the Oklahoma courts provide Petitioner with an adequate opportunity to present his federal constitutional claims.  Under Oklahoma law, a defendant in a felony case is entitled to a preliminary hearing to determine whether there is probable cause to hold him for a criminal prosecution. *See* Okla. Stat. tit. 22, § 258.  Oklahoma law recognizes that the right to counsel attaches at arraignment,  *see Miller v. State*, 29 P.3d 1077, 1080 (Okla. Crim. App. 2001), ensures that counsel is provided for indigent defendants, *see generally* Okla. Stat. tit. 22, § 1355, and provides opportunities to address other pretrial matters, *see generally* Okla. Stat. tit. 22, ch. 7.

The docket sheet from the felony criminal action pending against Petitioner demonstrates that a warrant for Petitioner's arrest was issued by an Oklahoma County judge on August 12, 2008.  Petitioner was arraigned and a public defender was appointed to

represent him on August 14, 2008. Further, the docket shows that appointed counsel has represented Petitioner throughout the proceedings. Case No. CF-2008-4515, District Court of Oklahoma County, Docket. The docket sheet indicates that a preliminary hearing has been continued twice pending a competency evaluation requested by Petitioner's counsel and is currently set for March 18, 2009. Thus far then, it appears that the Oklahoma state courts have provided Petitioner with adequate opportunity to address his federal constitutional claims. Moreover, even if Petitioner is convicted at trial, he will have the opportunity to directly appeal his conviction and sentence where his federal constitutional claims may be raised, *see* Okla. Stat. tit. 22, § 1051, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief. *See* Okla. Stat. tit. 22, § 1080. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Thus, state court proceedings will provide ample opportunity for Petitioner to present his federal constitutional claims, and he has made no specific showing to the contrary.

Given that the *Younger* abstention conditions are all satisfied, the Court should abstain from hearing Petitioner's claims unless he can establish that an exception to *Younger* abstention applies. Petitioner has not alleged nor demonstrated any facts indicating that this is one of the rare cases of "proven harassment" or that his prosecution has been "undertaken by state officials in bad faith without hope of obtaining a valid conviction," or that this is an

"extraordinary circumstance[] where irreparable injury can be shown." *Perez*, 401 U.S. at 85.

   B.  Conditions of Confinement Claim

   As to Petitioner's claim that he has been denied access to a law library and legal research materials, the undersigned notes that claims such as Petitioner's which challenge conditions of confinement should be brought in a civil rights complaint maintained pursuant to 42 U.S.C. § 1983, rather than asserted in a § 2241 habeas petition. *See Abdulhaseeb v. Ward*, No. 05-6054, 173 Fed. Appx. 658, 660 (10th Cir. March 27, 2006) (unpublished). *See also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). The undersigned declines to recharacterize these claims as brought pursuant to § 1983, as it appears they lack merit.

   Pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts. *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985). To assert a constitutional claim for violation of this right, a confined plaintiff must allege facts indicating (1) a denial of legal resources, and (2) that the denial of such resources hindered his or her efforts to pursue a nonfrivolous claim. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). However, the right of access to the courts does not entail a constitutional right to a law library or professional legal assistance. *Lewis*, 518 U.S. at 350. Instead, "meaningful access to the courts is the touchstone," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and the Supreme Court has

encouraged local experimentation in various methods of assuring access to the courts, *Lewis*, 518 U.S. at 352.  In fact, the Court has specifically condoned programs that "replace libraries with some minimal access to legal advice and a system of court-provided forms."  *Id.*

Applying these principles to Petitioner's contention that Oklahoma County's failure to provide him with access to a law library and other research materials interferes with his ability to assist with presenting a defense to the pending criminal charges, the undersigned concludes that such claim would fail even if properly raised in this court.  The trial court has appointed counsel to assist Petitioner with his criminal defense which "is a constitutionally acceptable alternative to a prisoner's demand to access a law library."  *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999).  This is true even if Petitioner elects to represent himself in his criminal trial because the Tenth Circuit has held that "a prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding is not entitled to access to a law library or other legal materials."  *Id.* at 1205.

As to Petitioner's claim that he has not been provided access to paper or writing instruments, the undersigned finds this allegation specious at best given that the petition is handwritten and filed on lined notebook paper.  It is thus unlikely that whatever denial of access to paper and writing instruments may have occurred actually interfered with Petitioner's efforts to pursue a nonfrivolous claim, and would thus not warrant § 1983 relief. *See, e.g., Friedman v. Kennard*, No. 07-4116, 248 Fed. Appx. 918, 922 (10th Cir. Sept. 25, 2007) (unpublished) (noting that § 1983 prisoner plaintiff had managed to prepare a 44 page pleading in the district court and concluding that the plaintiff failed to provide facts showing

8

that his efforts to pursue legal relief were hindered by alleged lack of adequate access to pencils).  Thus, the undersigned finds that Petitioner's access to court claim should not be recharacterized as a § 1983 claim and recommends since this claim is improperly brought within this § 2241 proceeding, that such claim should be dismissed upon filing along with Petitioner's other claims.

## RECOMMENDATION

For the foregoing reasons, it is recommended that this action be dismissed without prejudice upon filing.  In light of this recommendation, it is further recommended that Petitioner's "Motion for Show Cause Hearing" [Doc. No. 10] and "Motion for Judgment" [Doc. No. 13] be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 19, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Court Clerk is directed to send a copy of this Report and Recommendation to the Oklahoma County District Attorney on behalf of the Respondent.

ENTERED this 27th day of February, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE