THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DEAN CARPENTER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    NO. CIV-08-1102-D |
| | ) |
| OKLAHOMA COUNTY DISTRICT<br>  COURT, | )<br>) |
| | ) |
|     Respondent. | ) |

**O R D E R**

Petitioner, a pretrial detainee appearing pro se, seeks a writ of habeas corpus pursuant to 28 U. S. C. § 2241. In accordance with 28 U. S. C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. Applying Rule 4 of the Rules Governing Section 2254 Cases,[1] the Magistrate Judge examined the Petition upon filing and concluded that it should be dismissed. She filed a Report and Recommendation [Doc. No. 14] in which she recommended that the Petition be dismissed upon filing. In the Report and Recommendation, she also noted that Petitioner had filed a "Motion for Show Cause Hearing" [Doc. No. 10] and an "Application for Judgment as a Matter of Law" [Doc. No. 13]; she recommended that both motions be denied. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

Petitioner challenges the legality of his confinement; however, as Judge Roberts noted, he did not provide the case number for the criminal action at issue. Based on her own research, Judge

---

[1] As the Magistrate Judge noted, Rule 4 expressly applies to actions brought pursuant to § 2254; however, Rule 1(b) of the Rules Governing Section 2254 Cases grants the Court discretion to apply it in other habeas cases. The Court agrees with the Magistrate Judge that Rule 4 is properly applied in this case.

Roberts determined that he faces charges related to possession of a precursor substance with intent to manufacture a controlled substance, a threat to perform an act of violence, and a misdemeanor charge in a separate case.

Petitioner asserts several bases for habeas relief, alleging that his Fourth Amendment rights were violated because he was unlawfully seized and arrested without a warrant, that his Sixth Amendment rights were violated because he has not been given the opportunity to participate in the pending criminal proceeding, and that he is being denied access to a law library and writing materials.

In the Report and Recommendation, the Magistrate Judge discussed in detail the established rule that federal courts should abstain from exercising jurisdiction to consider a pretrial habeas petition where the issues raised therein may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner. *See, e.g., Capps v. Sullivan*, 13 F. 3d 350, 354 n.2 (10th Cir. 1993). As she explained, this rule is based on the long-standing policy that a federal court should not intervene in an on-going state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). The Magistrate Judge then discussed the requirements for application of that rule as well as the exceptions to abstention. She concluded that, when these standards are applied to Petitioner's claims, the Court must conclude that abstention is warranted in this case.

The Court has reviewed the Magistrate Judge's discussion of the governing law and her analysis of its application to Petitioner's claims and concludes that the Report and Recommendation accurately sets forth the governing law as applied to this case. Thus, the Report and Recommendation is adopted. The Magistrate Judge also considered whether Petitioner's claims could satisfy any exception to the rule of abstention, analyzing his contentions in detail. She concluded that no exception could apply.

With respect to Petitioner's claim that he has been denied access to a law library and writing materials, the Magistrate Judge correctly concluded that this claim is challenging the conditions of his confinement; therefore, it is properly brought as a civil rights claim pursuant to 42 U. S. C. § 1983 rather than as a § 2241 claim.  For the reasons set forth in the Report and Recommendation, she also concluded that this claim should be dismissed and that it should not be recharacterized as a § 1983 claim in this case.  The Court agrees with both the analysis and conclusion regarding this claim.

The Court has also reviewed Petitioner's objection.  Although he challenges some specific factual findings in the Report and Recommendation, those contentions do not alter the fact that habeas relief is not warranted and do not preclude this Court's adoption of the Magistrate Judge's recommendation.   Petitioner offers no argument or authority which would warrant habeas relief.

Accordingly, having reviewed the matter *de novo*, the Court adopts the Report and Recommendation [Doc. No. 14].  This action is dismissed upon filing, without prejudice to the filing of a later action.  Petitioner's "Motion for Show Cause Hearing" [Doc. No. 10] and "Application for Judgment as a Matter of Law" [Doc. No. 13] are DENIED.

IT IS SO ORDERED this  27th  day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE